**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 19, 2019**

# In the Court of Appeals of Georgia

A19A0984. GILLE v. THE STATE.

MCFADDEN, Chief Judge.

After a jury trial, Katina Gille was convicted of two misdemeanor counts of obstructing a law enforcement officer. She appeals, challenging the denial of her motion for a directed verdict of acquittal. Because there was sufficient evidence from which a rational trier of fact could find guilt beyond a reasonable doubt, the trial court did not err in denying the motion. So, we affirm.

1. *Denial of motion for directed verdict of acquittal.*

"We review a denial of a motion for directed verdict [of acquittal] under the same standard as that for determining the sufficiency of the evidence to support a conviction." *Jordan v. State*, 322 Ga. App. 252, 253 (2) (744 SE2d 447) (2013). Under that standard, we determine "whether the evidence presented at trial, when

viewed in the light most favorable to the verdicts, was sufficient to authorize a rational jury to find the appellant guilty beyond a reasonable doubt of the crimes of which he was convicted." *Virger v. State*, 305 Ga. 281, 286 (2) (824 SE2d 346) (2019).

So viewed, the evidence shows that on October 5, 2012, two Sylvester city police officers responded to a call to assist Worth County Sheriff's deputies who were attempting to pick up Gille pursuant to an order to take her to a mental health hospital. When the officers arrived at the scene, Gille was agitated and using profanity. She walked into the middle of the road, but eventually complied with the officers' request to get out of the roadway. The officers and deputies explained to Gille the order that they were picking her up on, telling her that she was not going to jail and was instead going to a hospital to receive help. Gille became increasingly agitated and confrontational, refused to comply with the officers' verbal commands, and began fighting with the two police officers when they tried to detain her. She hit both of the officers, kicked one of the officers in the stomach, grabbed the other officer by the hair, and scratched that officer's face. The two officers and Gille fell to the ground, and Gille continued fighting with the officers until they were able to gain control of her.

OCGA § 16-10-24 (a) provides, in pertinent part, that "a person who knowingly and willfully obstructs or hinders any law enforcement officer . . . in the lawful discharge of his or her official duties shall be guilty of a misdemeanor." So "an essential element of the offense of obstruction of an officer is . . . that the obstruction occurred while the officer was in the lawful discharge of his [or her] official duties." *Boatright v. State*, 327 Ga. App. 785, 787 (761 SE2d 176) (2014) (citation and punctuation omitted) (physical precedent). In challenging the denial of her motion for a directed verdict of acquittal, Gille argues that the state did not prove that the officers were in the lawful discharge of their official duties because there is no evidence of the order directing that she be taken to a facility for a mental health examination. See OCGA § 37-3-41 (b) (court "may issue an order commanding any peace officer to take such person into custody and deliver him or her forthwith for examination . . . to the nearest available emergency receiving facility"). Although the written order itself was not introduced, contrary to Gille's argument, other evidence of the order was presented.

One of the police officers testified that there was an involuntary pick-up order for Gille and that one of the deputies had it at the scene. The officer did not read the order, but heard the deputy who had it at the scene, as well as another deputy, explain

3

to Gille that the order authorized them to take her to a mental health facility. The officer further testified that he has previously dealt with such involuntary pick-up orders; that they provide for the person to be picked up and transported to a mental health facility; and that in this case he joined with the deputies in explaining the order to Gille, telling her that she was not going to jail and instead was going to a hospital.

The other police officer who assisted with the pick-up order also testified that the purpose of such an order is to take a person into custody for mental health issues. The officer further testified that when she arrived at the scene, the deputies were attempting to serve Gille with the involuntary pick-up order and were explaining its meaning to her.

At trial, Gille raised no hearsay objection to any of the officers' testimony about the order. "[I]f a party does not properly object to hearsay, the objection shall be deemed waived, and the hearsay evidence shall be legal evidence and admissible." OCGA § 24-8-802. So to the extent any of the testimony about the order was hearsay, such testimony was legal and admissible evidence. And as recounted above, there was ample testimony from both police officers about the existence and purpose of the order pursuant to which they assisted the deputies in taking Gille into custody for transport to a mental health facility.

4

We note that Gille's reliance on *Boatright*, supra (physical precedent), is misplaced. In *Boatright*, this court reversed obstruction of an officer convictions due to insufficient evidence that the officers were acting with lawful authority when they took the defendant into custody for the purpose of transporting him to a mental health facility. Id. at 785, 790. But in that case, unlike in the instant case, it was undisputed that the officers did not have a court order authorizing them to take the defendant into custody for an involuntary mental health evaluation. Id. at 789. Because there was evidence of such an order in the instant case, *Boatright* is not controlling. Rather, in this case, "[a] rational trier of fact could have concluded from the evidence presented . . . that [Gille] knowingly and willingly hindered the officer[s] in the lawful discharge of [their] official duties." *Johnson v. State*, 330 Ga. App. 75, 78 (1) (b) (766 SE2d 533) (2014) (citations omitted).

2. *Other arguments.*

Because of our holding above, we need not address the other arguments set forth in Gille's brief.

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

5